The receiver having filed his final report and account now prays instruction of the court as to certain questions arising with regard to the distribution of the funds in his hands.
The defendant is a mutual benefit association, carried on solely for the benefit of its members, and pays to its members benefits in case of sickness, disability or death. The fund from which such benefits are paid and the expenses of the association defrayed, are derived from fees, dues, assessments and other contributions collected from its members.
P.L. 1935, ch. 237, regulated mutual benefit associations, and provided for the maintenance of a guarantee fund and a benefit fund. The defendant, pursuant to the provisions thereof, created such funds.
In 1936 the legislature passed an act superseding chapter 237
of the laws of 1935, effective January 2d 1937. Rev. Stat.17:45-1 et seq. The defendant association failed to qualify under the latter act, and at the instance of the commissioner of banking and insurance on April 20th, 1937, this court appointed a receiver for the association. At the time the receiver was appointed the defendant's guarantee fund consisted of $1,274 cash and $1,800 in United States bonds, while the benefit fund consisted of $258.84.
The receiver seeks instruction with respect to the following matters:
(1) Whether the benefit fund is a trust fund to be disbursed solely in payment of claims for benefits under certificates and for the costs of prosecuting and defending suits.
(2) Whether the guarantee fund is a trust fund to be disbursed solely for the benefit of claimants for benefits under outstanding certificates.
(3) Whether claims for counsel fees for services in defending suits under the certificates issued prior to the decree of insolvency are entitled to share in the distribution of the guarantee fund.
(4) Whether the receiver should allow a claim under a death benefit certificate where the death occurred after the date of his appointment as receiver. *Page 7 
(5) Whether the receiver should proceed to levy and enforce an assessment against the members of the defendant association.
(6) Whether administration costs are to be charged against the benefit fund and the guarantee fund to the extent that other funds are not available for that purpose.
(7) Whether the tax claim of the city of Newark is entitled to payment out of the two funds.
(8) Whether the claim of the commissioner of banking and insurance is to be classed as an administration expense.
 I, II AND III. Rev. Stat. 17:45-8, provides:
"Every such association shall establish a minimum guarantee fund * * * and funds therefrom shall be disbursed only for the payment of claims for benefits under its outstanding certificates, but only on certification of the president and secretary of the association, after notice to the commissioner of banking and insurance, that the benefit fund hereinafter provided for is insufficient to meet existing claims payable therefrom or that payment of such claims would result in the impairment of the reserve fund hereinafter provided for. In the event that the guarantee fund is reduced by such disbursements to less than the amount required by this chapter, the deficiency therein shall be made good by an assessment on all the members within six months after the notice above provided for and the by-laws of the association shall establish the procedure to be adopted in making such assessment."
Rev. Stat. 17:45-9, provides:
"Every such association shall establish a benefit fund into which shall be placed a specified percentage, not less than fifty per cent., of all dues and contributions collected by the association or by any agent thereof on sickness and accident disability benefit certificates hereafter issued. There shall also be placed into such fund a similar percentage of all dues and contributions hereafter collected on all death benefit certificates and sickness and accident disability certificates issued prior to January second, one thousand nine hundred and thirty-seven, except dues and contributions for the first year following issue of such certificates. Into such fund shall be placed all investment accretions thereon and from such fund shall be paid all benefits and costs of prosecuting or defending suits incurred under the benefit certificates specified above in this section. When the association *Page 8 
shall have accumulated the minimum guarantee fund required by this chapter it shall place into the benefit fund a specified percentage, not less than five per cent., of all dues and contributions thereafter collected on death benefit certificates issued after the aforementioned date. Whenever the benefit fund shall equal or exceed in amount one-half of one annual contribution on all its outstanding sickness and accident disability benefits together with a reserve on death benefits issued prior to the aforementioned date according to the reserve basis described in section 17:45-5 of this title, the association may transfer to the reserve fund hereinafter referred to the amount of reserve applicable to the death benefit certificates issued prior to the aforementioned date, provided it shall have first received the consent of the commissioner to such transfer. Thereafter, no contribution to the benefit fund will be required on account of death benefit certificates and the benefit fund shall be maintained as above provided but only for certificates providing for sickness and accident disability benefits."
The statute further provides for the maintenance of an expense fund out of which the expenses of the association shall be defrayed. The scheme of the statute is plain. All general expenses of the association are to be met from the expense fund. The claims for benefits under the certificates issued by the association are to be paid out of the benefit fund. Also out of this fund are to be paid the costs of prosecuting or defending suits incurred under the benefit certificates. The guarantee fund is to be used only for the payment of claims for benefits when the benefit fund is insufficient to meet existing claims payable therefrom. The guarantee fund and benefit fund constitute trust funds. Aetna Casualty and Surety Co. v. InternationalReinsurance Corp., 117 N.J. Eq. 190; In re New Jersey Fidelityand Plate Glass Insurance Co., 15 N.J. Mis. R. 384;191 Atl. Rep. 475. The benefit fund is to be firstly distributed pro rata
among the claimants for benefits under outstanding certificates and the claimants for fees in defending suits under the benefit certificates. The guarantee fund is to be secondly distributedpro rata among the claimants for benefits under outstanding certificates. Each fund to be subject, of course, to its administration costs and the expenses of the commissioner of banking and insurance as hereafter mentioned. Claims for counsel fees for services rendered in defending suits under the certificates do not share in the guarantee fund. *Page 9 
 IV.
This claim should be disallowed. The date of the decree of insolvency is the time at which the association's liability for future losses terminated. Mayer v. Attorney-General, 32 N.J. Eq. 815.
 V.
The receiver in his verified petition represents to the court that through personal contact with a large number of the members of the association he has reached the conclusion that most of the members against whom assessments may be levied are impecunious and are now on public relief in the State of New Jersey and the State of New York. It is the receiver's opinion that the expense involved in such a proceeding would be greater than the yield.
Notice of the opinion and recommendation of the receiver was expressed in the order to show cause issued upon the petition and was served upon members and creditors. No member or creditor on the return of the order to show cause dissented from the opinion of the receiver or disagreed with his recommendation. Under the circumstances the receiver is instructed not to proceed to levy assessments against the members of the defendant association.
 VI.
The benefit fund and the guarantee fund are special trust funds not chargeable with the expense of administering the general assets. Each trust fund is chargeable with costs and expenses of its own administration, which costs and expenses must first be paid ahead of claims against the same. In re New Jersey Fidelityand Plate Glass Insurance Co., supra.
 VII.
The claim of the city of Newark for taxes is not entitled to payment out of the special trust funds. This claim is a preferred claim to be paid out of the general assets. *Page 10 
 VIII. Rev. Stat. 17:45-14, provides:
"The commissioner may, whenever he deems it expedient, make or cause to be made an examination of the assets and liabilities, * * * of every such association authorized * * * to transact business under the provisions of this chapter. * * * If any association, after such examination, shall be declared by the court of chancery to be insolvent, the expense of such examination, if unpaid, shall be taxed in the costs of the proceedings in the court of chancery and paid out of the assets of the association. * * *"
Where, as in this case, the general assets are practically nil, the costs will be equitably apportioned and charged against the trusts. *Page 11